UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SCOTT JONES,

       Plaintiff,                               Civil Action No. 11-cv-12134

       v.                                     District Judge Lawrence P. Zatkoff
                                              Magistrate Judge Laurie J. Michelson

PRISON HEALTH
SERVICES, et al.,

       Defendants.

_____/

## REPORT AND RECOMMENDATION TO GRANT DEFENDANT PRISON HEALTH SERVICES, INC.'S MOTION TO DISMISS/MOTION FOR SUMMARY JUDGMENT (Dkt. 31)

Plaintiff Scott Jones, a former MDOC inmate proceeding *pro se,* brought this civil rights case alleging that Defendants Prison Health Services ("PHS"), Dr. Pragna Pandya, Dr. David Sharp, Dr. Adam Edelman, Dr. Zavit Cohen, Dr. Yasir Zaidi, John Doe 1-20, and MDOC violated his constitutional rights by, inter alia, denying, or at least delaying, medical care for his alleged cancer. (Dkt. 1, Compl. at 5.) Defendant PHS moves for dismissal and/or summary judgment on the grounds that PHS cannot be held liable for constitutional violations under a respondeat superior theory and Plaintiff failed to exhaust his administrative remedies prior to filing suit. (Dkt. 31.) All pretrial matters have been referred to this Court pursuant to 28 U.S.C. § 636(b)(1)(B). (Dkt. 14.)

Because PHS cannot be held liable for constitutional violations under a respondeat superior theory, the Court RECOMMENDS that Defendant's Motion to Dismiss/Motion for Summary Judgment be GRANTED.

1

I. **BACKGROUND**

A. **Facts**

Prison doctors diagnosed Plaintiff Scott Jones ("Plaintiff") with cancer while he was an inmate in the MDOC system. (Dkt. 1, Pl.'s Compl. at 1-2.) Plaintiff alleges that Defendants' approach to his medical treatment for his cancer constituted cruel and unusual punishment in violation of the Eighth Amendment. (Compl. at 5.) The gravamen of Plaintiff's claim is that Defendants refused to provide appropriate treatment. (*Id.*) He also claims that Defendants violated his First Amendment and Fourteenth Amendment rights by disclosing his medical information. (*Id.* at 34-34.)

B. **Procedural History**

Plaintiff brought this prisoner civil rights case *pro se* and *in forma pauperis* on May 16, 2011 (Compl.) Defendant PHS filed its Motion to Dismiss/Motion for Summary Judgment on July 29, 2011. (Dkt. 31.) This Court ordered Plaintiff to respond to Defendant PHS's Motion by September 30, 2011. (Dkt. 33.) On September 30, 2011, Plaintiff moved for an extension of time to respond. (Dkt. 51.) This Court granted Plaintiff's request for an extension and ordered Plaintiff to respond by November 2, 2011. (Dkt. 53.) Plaintiff did not file a response nor seek an additional extension.

II. **ANALYSIS**

A. **Legal Standards**

Under Fed. R. Civ. P. 12(b)(6), a case warrants dismissal if it fails "to state a claim upon which relief can be granted." When deciding a motion under Rule12(b)(6), "[t]he court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true," and determine whether the plaintiff has alleged "enough factual matter" to "state a claim to

relief that is plausible on its face." *Cline v. Rogers*, 87 F.3d 176, 179 (6th Cir. 1996); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). "Where a complaint pleads facts that are merely consistent with a defendant's liability," it has failed to show that relief is plausible as opposed to a "sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (internal quotation marks omitted). In applying this rule to *pro se* plaintiffs, the Court is mindful that allegations in the complaint are held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

### B. PHS Cannot Be Held Liable Under § 1983 on a Respondeat Superior Theory of Liability

PHS cannot be held liable under § 1983 on a respondeat superior or vicarious liability basis. *See Monell v. Dep't. of Soc. Servs.*, 436 U.S. 658, 56 L.Ed. 2d 611, 98 S. Ct. 2018 (1978). For this Court to find PHS liable for a constitutional violation under § 1983, Plaintiff must show "deliberate action" by PHS "caused a deprivation of federal rights." *Starcher v. CMS et al.*, 7 F App'x 459, 465 (6th Cir. 2001) (citations omitted). Indeed, pursuant to *Monell*, Plaintiff must establish that PHS had a policy, custom, or practice that resulted in a deprivation of his constitutional rights. *Binion v. Glover*, No. 07-13443, 2008 U.S. Dist. LEXIS 70032 at * 46 (E.D. Mich. July 28, 2008). In addition, there must be an "affirmative link between the policy and the particular constitutional violation." *Id*. (*quoting Raub v. Correctional Medical Servs*., No. 06-13942, 2008 U.S. Dist. LEXIS 2844 at *2 (E.D. Mich. 2008)). In *Binion v. Glover*, for example, the District Court denied Defendant Kidney Replacement Services, Inc.'s ("KRS") Motion for Summary Judgment on Plaintiff's Eighth Amendment claim because Plaintiff established that KRS "engaged in a pattern and practice of improperly disposing of dirty needles and syringes." *Binion*, 2008 U.S. Dist. LEXIS 70032 at * 47-48. However, a claim premised on nothing more than the acts of one's agents cannot

defeat summary judgment. *Wagle v. Skutt*, No. 10-cv-10506, 2011 U.S. Dist. LEXIS 138541 at * 19 (E.D. Mich. Nov. 7, 2011) ("To establish § 1983 liability against . . . Defendant PHS, Plaintiff must show that PHS implemented a policy, custom, or practice that caused a deprivation of Plaintiff's rights.").

In this case , Plaintiff's constitutional claims against Defendant PHS are premised on the actions of the individual defendants. (Compl.) For example, Plaintiff complains that Dr. Pandya delayed his treatment by insisting on a pap smear prior to conducting any other tests. (*Id*. at 8.) Additionally, Plaintiff complains about individual defendants violating MDOC procedures and protocols, but does not complain about PHS having a policy or practice – e.g., the improper disposal of dirty needles – that resulted in an Eighth Amendment violation. (*Id*. at 21, 30.) Nowhere in his 245-count, 50-page Complaint does Plaintiff alleged that PHS implemented or engaged in a policy or practice that resulted in a constitutional violation. Moreover, nowhere in this Complaint does Plaintiff link such a policy and practice to the alleged constitutional violations by the individual defendants. Indeed, Plaintiff's claim against PHS is premised on nothing more than respondeat superior liability. As such, he fails to state a claim against Defendant PHS.[1]

## III. RECOMMENDATION

Because PHS cannot be held liable for constitutional violations under a respondeat superior theory, the Court RECOMMENDS that Defendant's Motion to Dismiss/Motion for Summary

---

[1] Because this Court recommends dismissal for failure to state a claim, it declines to address Defendant PHS's argument for summary judgment based on failure to exhaust. Moreover, this decision, if adopted by the District Court, will render moot Defendant PHS's recently filed Motion to Dismiss for Failure to Prosecute (Dkt. 64.) If the District Court does not adopt this Report and Recommendation, this Court will address Defendant's Motion to Dismiss for Failure to Prosecute at that time.

Judgment be GRANTED.

## IV.  FILING OBJECTIONS TO THIS REPORT

The parties to this action may object to and seek review of this Report and Recommendation within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *McClanahan v. Comm'r Soc. Sec.*, 474 F.3d 830 (6th Cir. 2006) (internal quotation marks omitted); *Frontier*, 454 F.3d at 596-97. Objections are to be filed through the Case Management/Electronic Case Filing (CM/ECF) system or, if an appropriate exception applies, through the Clerk's Office. *See* E.D. Mich. LR 5.1. A copy of any objections is to be served upon this magistrate judge but this does not constitute filing. *See* E.D. Mich. LR 72.1(d)(2). Once an objection is filed, a response is due within fourteen (14) days of service, and a reply brief may be filed within seven (7) days of service of the response. E.D. Mich. LR 72.1(d)(3), (4).

                              s/Laurie J. Michelson  
                              LAURIE J. MICHELSON  
                              UNITED STATES MAGISTRATE JUDGE

Dated:  December 14, 2011

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing Report and Recommendation was served on the attorneys and/or parties of record by electronic means or U.S. Mail on December 14, 2011.

                              s/J. Johnson  
                              Deputy Clerk