UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SCOTT JONES,

      Plaintiff,                              Civil Action No. 11-cv-12134

      v.                                    District Judge Lawrence P. Zatkoff
                                            Magistrate Judge Laurie J. Michelson

PRISON HEALTH
SERVICES, et al.,

      Defendants.

_____/

**REPORT AND RECOMMENDATION TO GRANT
DEFENDANT YASIR ZAIDI'S MOTION TO DISMISS (Dkt. 62)**

Plaintiff Scott Jones, a former MDOC inmate proceeding *pro se,* brought this civil rights case alleging that Defendants Prison Health Services ("PHS"), Dr. Pragna Pandya, Dr. David Sharp, Dr. Adam Edelman, Dr. Zavit Cohen, Dr. Yasir Zaidi, John Does 1-20, and MDOC violated his constitutional rights by, inter alia, denying, or at least delaying, medical care for his cancer. (Dkt. 1, Compl. at 5.) Defendant Dr. Yasir Zaidi ("Zaidi") moves for dismissal on the grounds that he is not a state actor under 42 U.S.C. § 1983. (Dkt. 62.) All pretrial matters have been referred to this Court pursuant to 28 U.S.C. § 636(b)(1)(B). (Dkt. 14.) Because Defendant Zaidi is not a state actor pursuant to 42 U.S.C. § 1983, the Court RECOMMENDS that Defendant's Motion to Dismiss be GRANTED.

I.  **BACKGROUND**

    A.  **Facts**

Prison doctors diagnosed Plaintiff Scott Jones ("Plaintiff") with cancer while he was an inmate in the MDOC system. (Dkt. 1, Pl.'s Compl. at 1-2.) Plaintiff alleges that Defendants refused to provide appropriate medical treatment for his cancer and that this constitutes cruel and unusual punishment in violation of the Eighth Amendment. (Compl. at 5.) He also claims that Defendants violated his First Amendment and Fourteenth Amendment rights by disclosing his medical information. (*Id*. at 34-34.)

    B.  **Procedural History**

Plaintiff brought this prisoner civil rights case *pro se* and *in forma pauperis* on May 16, 2011 (Compl.) Defendant Zaidi filed this Motion to Dismiss on November 10, 2011, arguing that the claims against him should be dismissed because he is not a state actor. (Dkt. 62, Def. Zaidi's Mot. Dismiss.) Plaintiff's "Response," in letter form, conceded that Defendant Zaidi is not a state actor, and stipulated to the dismissal of the federal claims against Defendant Zaidi. (Dkt. 66, Pl.'s Response.) Plaintiff argues, however, that the Court should retain jurisdiction over his state law claims against Defendant Zaidi.

II.  **ANALYSIS**

    **A.  Defendant Zaidi is Not a State Actor Pursuant to 42 U.S.C. § 1983**

"To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege a violation of a right secured by the federal Constitution or laws and must show that the violation was committed by a person acting under color of state law." *Flanory v. Bonn*, 604 F.3d 249, 253 (6th Cir. 2010) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)). As mentioned, Plaintiff acknowledges, in his

Response, that Defendant Zaidi is not a state actor, and stipulates to the dismissal of his federal claims against Defendant Zaidi. Therefore, this Court recommends that Defendant Zaidi's Motion to Dismiss with regard to Plaintiff's federal claims be granted. *See Scott v. Antonini*, 577 F.3d 642, 649 (6th Cir. 2009) (affirming summary judgment to defendant-doctor on plaintiff-prisoner's section 1983 claims where the Court found that defendant was not a state actor).

### B. The Court Should Decline to Exercise Supplemental Jurisdiction over Plaintiff's State Law Claims Against Defendant Zaidi

The District Court has original subject matter jurisdiction over Plaintiff's § 1983 claims in this case; it therefore has supplemental jurisdiction over Plaintiff's related state law claims under 28 U.S.C. § 1367. "Such supplemental jurisdiction does not disappear when the federal claim that gave rise to original jurisdiction in the first place is dismissed." *Orton v. Johnny's Lunch Franchise, LLC et al.*, No. 10-2044, 2012 U.S. App. LEXIS 3344, *17-18 (6th Cir. Feb. 21, 2012) (citing *Carlsbad Tech., Inc. V. HIF Bio, Inc.*, 556 U.S. 635, 129 S. Ct. 1862, 1866-67 (2009)). However, following the dismissal of the federal claim that gave rise to original jurisdiction, the District Court, in its discretion, may properly choose whether or not to exercise § 1367(a) jurisdiction over the supplemental state-law claims. *Id.* (citation omitted).  In this case, the District Court should decline to exercise supplemental jurisdiction over Plaintiff's state law claims against Defendant Zaidi because it would result in undue confusion to a jury in this multiple Defendant case which is primarily based on alleged violations of § 1983.

### III.    RECOMMENDATION

Because Defendant Zaidi is not a state actor pursuant to 42 U.S.C. § 1983, the Court RECOMMENDS that Defendant's Motion to Dismiss be GRANTED. The Court also RECOMMENDS that the District Court decline to exercise supplemental jurisdiction over Plaintiff's

state law claims against Defendant Zaidi. Therefore, this Court RECOMMENDS dismissal of the entire case against Defendant Zaidi.

## IV.     FILING OBJECTIONS TO THIS REPORT

The parties to this action may object to and seek review of this Report and Recommendation within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *McClanahan v. Comm'r Soc. Sec.*, 474 F.3d 830 (6th Cir. 2006) (internal quotation marks omitted); *Frontier*, 454 F.3d at 596-97. Objections are to be filed through the Case Management/Electronic Case Filing (CM/ECF) system or, if an appropriate exception applies, through the Clerk's Office. *See* E.D. Mich. LR 5.1. A copy of any objections is to be served upon this magistrate judge but this does not constitute filing. *See* E.D. Mich. LR 72.1(d)(2). Once an objection is filed, a response is due within fourteen (14) days of service, and a reply brief may be filed within seven (7) days of service of the response. E.D. Mich. LR 72.1(d)(3), (4).

                                             s/Laurie J. Michelson
                                             LAURIE J. MICHELSON
                                             UNITED STATES MAGISTRATE JUDGE

Dated:  March 21, 2012

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on March 21, 2012.

                                                  s/Jane Johnson
                                                  Deputy Clerk