UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SCOTT JONES,

    Plaintiff,

v.

Case No. 11-12134
Hon. Lawrence P. Zatkoff

PRISON HEALTH SERVICES, DR. PRAGNA
PANDYA, DR. DAVID SHARP, DR. ADAM
EDELMAN, DR. ZIVIT COHEN, DR. YASIR
ZAIDI, JOHN DOE 1–20, MICHIGAN DEPT.
OF CORRECTIONS,

    Defendants.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

Plaintiff, proceeding *pro se*, filed a complaint with the Court alleging that Defendants—Prison Health Services ("PHS"); Doctors Pragna Pandya, David Sharp, Adam Edelman, Zavit Cohen, Yasir Zaidi, John Doe 1-20; and the Michigan Department of Corrections— violated his civil rights by denying or delaying medical care for his alleged cancer [dkt 1]. Defendant PHS moved for dismissal and/or summary judgment on the grounds that, *inter alia*, PHS cannot be held liable for constitutional violations under a *respondeat superior* theory [dkt 31]. The matter currently before the Court is Magistrate Judge Michelson's Report and Recommendation [dkt 65], in which the Magistrate Judge recommends granting PHS's motion. Plaintiff timely filed objections to the Report and Recommendation [dkt 68], to which PHS has responded [dkt 69]. The Court has thoroughly reviewed the court file, the Report and Recommendation, Plaintiffs's Objections, and PHS's Response. Accordingly, the Court ADOPTS the Report and Recommendation and enters it as the findings and conclusions of this Court. The Court will, however, briefly address Plaintiff's Objections.

Although Plaintiff has provided several objections to the Magistrate Judge's Report and Recommendation, the objections nevertheless fail to show that PHS implemented a policy, custom, or practice that caused a deprivation of Plaintiff's rights. Plaintiff claims that, should this case proceed, "it is quite possible" that he will discover that it is the routine policy, custom or practice of PHS to establish practices to have certain prisoners endure pain and suffering. This is insufficient, as Plaintiff was required from the outset to make "a showing, rather than a blanket assertion of entitlement to relief" and provide factual allegations "[sufficient] to raise a right to relief above the speculative level" so that the claim is "plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).

Accordingly, IT IS HEREBY ORDERED that the PHS's motion to dismiss and/or for summary judgement is GRANTED with respect to PHS only.

IT IS SO ORDERED.

    S/Lawrence P. Zatkoff
    LAWRENCE P. ZATKOFF
    UNITED STATES DISTRICT JUDGE

Dated: March 28, 2012

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on March 28, 2012.

    S/Marie E. Verlinde
    Case Manager
    (810) 984-3290