UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SCOTT JONES,

        Plaintiff,                     Civil Action No. 11-cv-12134

      v.                                 District Judge Lawrence P. Zatkoff
                                               Magistrate Judge Laurie J. Michelson

PRISON HEALTH
SERVICES, *et al.*,

        Defendants.
_____/

**REPORT AND RECOMMENDATION TO DISMISS PLAINTIFF'S COMPLAINT
AGAINST REMAINING DEFENDANTS**

      Plaintiff Scott Jones died on April 6, 2013. Despite reasonable notice, none of his heirs or successors have sought to continue this civil rights action brought pursuant to 42 U.S.C. § 1983. Accordingly, this Court RECOMMENDS that Plaintiff's Complaint be DISMISSED WITH PREJUDICE.

**I.**     **BACKGROUND**

      Plaintiff Scott Jones ("Plaintiff") suffered from recurrent anal cancer. (Dkt. 8, Pl.'s Aff. at ECF 6.) Until approximately July 11, 2011, he was an inmate at the G. Robert Cotton Correctional Facility (JCF). (Dkt. 1, Pl.'s Compl. at 1; Dkt. 10, Not. of Change of Address.) Plaintiff initiated this action with the filing of a *pro se* complaint pursuant to 42 U.S.C. § 1983. (Compl. at 1.) The Complaint alleges that Defendant Prison Health Services ("PHS") and a number of individual prison doctors violated his constitutional rights by denying, or at least delaying, medical care for his cancer

-1-

and by releasing his medical records. (Dkt. 1, Compl.) The case has been referred to this Court for all pretrial proceedings. (Dkt. 14.)

On April 19, 2013, remaining Defendants David Sharp, M.D, Zivit Cohen, M.D, Pragna Pandya, M.D., and Adam Edelman, M.D., ("Defendants") by their counsel, filed a "Suggestion of Death" advising that Plaintiff passed away on April 6, 2013. (Dkt. 83.) Attached to the Suggestion of Death is a print-out from the Michigan Department of Corrections' Offender Tracking Information System, reflecting that Plaintiff was discharged on April 6, 2013, and listing the reason for discharge as "death." (*Id.*, Ex. A.) According to the Proof of Service, the Suggestion of Death was mailed by "US Postal Service" to Plaintiff's last known address at 15478 Indiana Street, Detroit, MI 48238. (*Id.* at 2.) In a subsequent motion to suspend the scheduling order due to Plaintiff's death, Defendants explain that they "serv[ed] the Suggestion of Death on Plaintiff's last known address to give notice to any heirs or successors." (Dkt. 84, ¶ 13.)

This Court found that simply mailing the suggestion of death to Plaintiff's last known address was insufficient to provide notice to his successors and was not service that complied with Fed. R. Civ. P. 4. (Dkt. 85.) Thus, the Court ordered that "Defendants shall make a good faith effort to identify Plaintiff's successor or representative. Defendants have thirty (30) days to notify the Court of their service of the suggestion of death upon Plaintiff's successors or representatives, or alternatively, Defendants' unsuccessful efforts to identify Plaintiff's successors or representatives." (*Id.*) Counsel for Defendants filed two affidavits explaining her efforts to identify and notify Plaintiff's heirs. To date, no motion to substitute has been filed by any of Plaintiff's heirs or successors.

## II.     ANALYSIS

Federal Rule of Civil Procedure 25(a) sets forth the procedure to be followed when a party dies during the proceedings.  It provides that "[i]f a party dies and the claim is not extinguished, the court may order substitution of the proper party.  A motion for substitution may be made by any party or by the decedent's successor or representative.  If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed." Fed. R. Civ. P. 25(a).  The party suggesting the death of another party must serve the notice on all parties pursuant to Federal Rule of Civil Procedure 5 and on non-parties pursuant to Rule 4.  *See Barlow v. Ground*, 39 F.3d 231, 233 (9th Cir. 1994); Fed. R. Civ. Proc. 25(a)(3).  Prior to dismissing an action for failure to substitute the proper party, notice must be provided, or at least attempted. *See Barlow*, 39 F.3d at 233.   Indeed, as another judge in this District recently explained in summarizing the relevant law:

> "The objective of the suggestion of death set forth in Rule 25(a)(1) is to alert nonparties to the consequences of the death of a party in a pending lawsuit so that they may act if they desire to preserve the decedent's claim." *Gruenberg v. Maricopa Cnty. Sheriff's Office*, No. 06-0397, 2008 U.S. Dist. LEXIS 40342, 2008 WL 2001253, at *1 (D. Ariz. May 7, 2008) (citing *Fariss v. Lynchburg Foundry*, 769 F.2d 958, 962 (4th Cir. 1985)).  "The rule establishes a procedure that protects those who have an interest in the litigation and the authority to act on behalf of the decedent by permitting substitution for the deceased party without unduly burdening the surviving party." *Id.* (citing *Barlow v. Ground*, 39 F.3d 231, 233-34 (9th Cir. 1994)).
>
> With this objective in mind, the majority of courts have interpreted Rule 25(a) as requiring two affirmative steps to trigger the running of the deadline by which a motion for substitution  must be made. "First, the notice of death must be made upon the record." *Antoine v. Virgin Islands Port Authority*, No. 2001/63, 2008 U.S. Dist. LEXIS

55692, 2008 WL 2872176, at \*2 (D.V.I. July 23, 2008) (citing Fed. R. Civ. P. 25(a); *Barlow*, 39 F.3d at 233; *Grandbouche v. Lovell*, 913 F.2d 835, 836-37 (10th Cir. 1990)) . . . . "Second, the suggestion of death must be served upon the parties, as provided in Rule 25, and upon 'nonparties,' as provided in Rule 4." *Id.* (emphasis added). In other words, there is a general obligation to serve the notice of suggestion of death upon the decedent's successor or representative. *Id.*

Some courts have held that Rule 25(a) imposes no requirement on the party filing the suggestion of death to serve the decedent's successor or representative. *See, e.g., Chobot v. Powers*, 169 F.R.D. 263, 267 (W.D.N.Y. 1996) (concluding that the defendants were not required to identify the representative of the plaintiff's estate, "as such a requirement would be unduly burdensome"); *see also Steward v. City of New York*, No. 04-1508, 2007 U.S. Dist. LEXIS 66824, 2007 WL 2693667, at \*4 (E.D.N.Y. Sept. 10, 2007) (concluding that Rule 25 does not require service of the suggestion of death on the decedent's successor or representative). However, the majority of courts have held "that where a defendant's counsel files a notice of death for a deceased plaintiff, [counsel] must serve the decedent's successor [or representative] or, at minimum, undertake a good faith effort to identify an appropriate representative." *Antoine*, 2008 U.S. Dist. LEXIS 55692, 2008 WL 2872176, at \*3 (citing cases); *see also, e.g., Fariss*, 769 F.2d at 961-62 (concluding that "it is generally appropriate to require the serving party to shoulder that burden [i.e. serving the decedent's successor or representative], rather than permitting the absence of notice to decedent's representative to lead to forfeiture of the action."); *Gruenberg*, 2008 U.S. Dist. LEXIS 40342, 2008 WL 2001253, at 2 (requiring the defendants "to take on some burden in locating [the] Plaintiff's representative or successor"). This Court finds the majority interpretation to be the most reasoned, at least under the circumstances of the present case where the plaintiff was acting pro se and was a prisoner when he filed the action and subsequently passed away.

Under these circumstances, Plaintiff's successor or representative, if any, is likely unaware of the pending litigation. Further, there is no attorney who was representing Plaintiff to inform such individuals of the action. In order to follow the procedure set forth in Rule 25(a), someone must identify the decedent's successor or representative so

-4-

> that service of the notice of death can be effectuated. The Court believes that counsel for the suggesting defendant . . . is in the best position to secure any information available to identify and/or locate such individual. The Court does not intend to impose an "onerous burden" on the suggesting party, but simply to require the party to make a good faith effort to identify and locate Plaintiff's successor.

*Lawson v. Williams*, No. 11-11163, 2012 U.S. Dist. LEXIS 152959 (E.D. Mich. Oct. 23, 2012).

Defendant's counsel avers that, from reviewing the materials in this case and Plaintiff's MDOC file, she was able to compile a list of potential family members, including Plaintiff's parents, several siblings, and son. (Dkts. 86 and 87, ¶ 5.) Counsel then attempted to locate addresses for these individuals. (*Id.* at ¶ 6.) Some names were too common to locate addresses. (*Id.* at ¶ 12.)

On September 13, 2013, counsel sent, via first class mail, the Suggestion of Death as well as the August 20, 2013 Order to the addresses it could locate. (*Id.* at ¶ 7.) Some mailings were returned undeliverable. (*Id.* at ¶¶ 8, 11.) Counsel received a call on behalf of Plaintiff's son indicating that he wanted to pursue the matter. (*Id.* at ¶¶ 9-10.) He has not, however, sought to intervene. In late August, following the initial mailing of the Suggestion of Death, Defendants' counsel was also contacted by an individual who stated he was Plaintiff's brother and questioned the Suggestion of Death. (*Id.* at ¶ 3.) Counsel advised him of his right to take over the case but, to date, he has failed to do so.

The Court finds that, while the service efforts on the non-parties have not been in full compliance with Fed. R. Civ. P. 4, Defendants have made a good faith effort to locate and provide Plaintiff's heirs and successors with notice of the Suggestion of Death. Indeed, they have been personally contacted by several relatives of Plaintiff who were further advised of their right to

intervene in this matter. None have chosen to do so and more than 90 days have passed since counsel's September 13, 2013 letters were mailed. *See* Fed. R. Civ. P. 25(a).

## III. CONCLUSION

Accordingly, this Court RECOMMENDS that Plaintiff's civil rights action be DISMISSED for failure to substitute the estate within the 90-day period provided by Fed. R. Civ. P. 25(a)(1).

## IV. FILING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation by the district judge within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *McClanahan v. Comm'r Soc. Sec.*, 474 F.3d 830 (6th Cir. 2006) (internal quotation marks omitted); *Frontier*, 454 F.3d at 596-97. Objections are to be filed through the Case Management/Electronic Case Filing (CM/ECF) system or, if an appropriate exception applies, through the Clerk's Office. *See* E.D. Mich. LR 5.1. A copy of any objections is to be served upon this magistrate judge but this does not constitute filing. *See* E.D. Mich. LR 72.1(d)(2). Once an objection is filed, a response is due within fourteen (14) days of service, and a reply brief may be filed within seven (7) days of service of the response. E.D. Mich. LR

72.1(d)(3), (4).

S/Laurie J. Michelson<br>
Laurie J. Michelson<br>
United States Magistrate Judge

Dated: December 17, 2013

## PROOF OF SERVICE

The undersigned certifies that the foregoing document was served upon the parties and/or counsel of record via the Court's ECF System and/or U. S. Mail on December 17, 2013.

s/Jane Johnson<br>
Case Manager to<br>
Magistrate Judge Laurie J. Michelson